UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAREPA SMITH,**

        **Plaintiff**                          CASE NO.

        v.

**HEALTHSTAT WELLNESS, INC.,** a
**Foreign Profit Corporation,**

        **Defendant.**
_____/

## COMPLAINT

Plaintiff, PAREPA SMITH (hereinafter "Smith" or "Plaintiff"), files this Complaint against HEALTHSTAT WELLNESS, INC. (hereinafter "HEALTHSTAT" or "Defendant"), pursuant to the Families First Coronavirus Response Act ("FFCRA") and in support of states as follows:

## INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA"), 29 U.S.C. §216-217 *et seq*. and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

2. Congress enacted the FFCRA, in part, to safeguard employees

impacted by the COVID-19 pandemic ("COVID-19").

3. Among the FFCRA's protections is the EPSLA.

4. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

6. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.

## **JURISDICTION**

7. The acts and omissions giving rise to this action occurred in Polk County, Florida.

8. Plaintiff was employed by Defendant in Bartow, Florida.

9. Defendant provides onsite health centers, virtual care, workplace wellness programs, and health management solutions for companies with

locations throughout Florida.

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150.

## VENUE

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

12. Plaintiff was an employee of Defendant from approximately September 2020 through December 2020.

13. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

14. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

15. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

16. As of the date of her termination, Plaintiff had been employed by

Defendants for at least thirty (30) days.

## FACTUAL ALLEGATIONS

17. Plaintiff was hired by Defendant in September 2020, as a Medical Assistant.

18. On December 4, 2020, Plaintiff found out that she was exposed to COVID-19 from her daughter, who had tested positive.

19. On that same day, Ms. Smith took a COVID-19 rapid test and the results came back negative.

20. Nonetheless, based on Centers for Disease Control guidelines and her doctor's orders, Plaintiff had to quarantine for two weeks.

21. On December 7, 2020, Plaintiff informed her supervisor that she had been exposed to COVID-19 and accordingly, had to quarantine for two weeks in order to prevent the spread of the disease. Plaintiff provided the Office Manager the doctor's note regarding the order to quarantine.

22. Following the quarantine, Plaintiff was set to return to work on December 18, 2020.

23. However, Plaintiff was told that the Company had called her and had left several voicemails and that she had been terminated effective December 10, 2020.

24. Plaintiff never received any calls or voicemails.

25. At the time of her termination, Plaintiff was able to perform the

essential functions of her job.

26. During her employment with Defendant, Plaintiff worked for a covered employer as defined by the FFCRA.

27. At all relevant times, Plaintiff was eligible for EPSLA.

28. Prior to her termination, Plaintiff provided notice to Defendant of her need for EPSLA.

29. Plaintiff's notice for her need for EPSLA was timely.

30. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

31. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

32. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the EPSLA.

33. Defendant's actions constitute discrimination in violation of Plaintiff's rights under EPSLA.

34. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

35. Defendant retaliated against Plaintiff in violation of her rights under FFCRA and EPSLA.

### **COUNT I – VIOLATION OF THE FFCRA/EPSLA**

36. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 35 above as if fully set forth herein.

37. The EPSLA requires employers to provide up to two weeks of paid

sick leave and job protection for employees who, among other things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

38. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

39. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

40. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she was advised by a health care provider to self-isolate (and was required to do so by governmental order) due to her COVID-19 exposure.

41. Plaintiff was also entitled to job protection.

42. Defendant terminated Plaintiff while out on leave.

43. This is a direct violation of EPSLA's requirements.

44. Defendant's violation of the EPSLA's requirements was willful.

45. As a direct and proximate result of Defendant's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or

        participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b)    Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's exposure and taking of sick leave;

c)    Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d)    Award punitive damages; and

e)    Award any other relief this Honorable Court deems just and proper.

## COUNT II – RETALIATION UNDER THE FFCRA

46. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 39 above as if fully set forth herein.

47. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

48. Plaintiff took qualifying sick leave due to COVID-19.

49. Plaintiff's sick leave due to COVID-19 was protected activity.

50. Despite the EPSLA's requirements, Defendant unlawfully terminated Plaintiff after she took leave as a result of her COVID-19 exposure.

51. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

52. Defendant violated Plaintiff's right under the EPSLA and FLSA.

53. Plaintiff's termination was an adverse employment action.

54. A causal connection exists between Plaintiff's protected activity and adverse employment action.

55. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b) Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other

remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

c) Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d) Award punitive damages; and

e) Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

DATED this 25th day of March, 2021.

Respectfully submitted,

**s/ Bruce A. Mount**
Anthony Hall, Esq.
FL Bar No.:
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*